## MOLINE PRESSED STEEL CO. v. WRIGHT.

(Circuit Court of Appeals, Seventh Circuit. July 28, 1924. Petition for Rehearing Overruled September 24, 1924.)

No. 3382.

Patents ⚖=328—Certain structures of defendant licensee held not within Wright, 829,498, for automobile hood.

Certain structures of defendant *held* not within Wright patent, No 829,498, for automobile hood, and subject to royalty payment under a license contract under said patent.

Appeal from the District Court of the United States for the Northern Division of the Southern District of Illinois.

Suit in equity by Charlotte Wright against the Moline Pressed Steel Company. Decree for complainant, and defendant appeals. Reversed, with direction to modify.

Joseph Harris, of Chicago, Ill., for appellant.

Geo. L. Wilkinson, of Chicago, Ill., for appellee.

Before ALSCHULER and EVANS, Circuit Judges, and LUSE, District Judge.

ALSCHULER, Circuit Judge. The decree was upon a bill for an accounting and other relief under a contract whereby appellant was licensed by appellee to manufacture automobile hoods embodying the invention disclosed in United States patent, No. 829,498, to Wright, August 28, 1906. The decree awarded injunctive relief against violation of the contract and the sum of $1,767.10 for royalty under the contract price of 5 cents per hood; the court finding that all hoods in question embodied the patent.

Appellant admitted that some of the hoods made were under the patent, and tendered $814 on the contract as royalty therefor, but denied that the other hoods embodied the patent.

The patent deals only with the top and side hinges of the hood, and respecting these the application for the patent states that the invention is concerned solely with the means of preventing water from entering the hood through the hinge joints. Figures 4 and 5 of the patent show respectively the top and side hinges described and claimed.

Claim 1 describes the former as follows:
"In a hood for automobiles a top or roof formed in two longitudinal sections hinged or jointed together, one of said sections being provided with a flange or extension which overlaps or breaks the hinge joint substantially as described."

The evidence clearly shows that appellant never used on its hood a flange underlying the top hinge. Its hinges, as shown, were riveted to a downwardly extending angle on each of the adjoining members of the top, in some of which the hinge was above the plane of the top, but in most of them considerably below that plane. They were the ordinary door hinge set either above or below the face of the top, and, far from exerting any influence in keeping out water, most of them show a channel on the top which seems to invite rather than to repel it.

But if appellant used the patented side hinges it would transgress other claims of the patent, of which No. 2 is typical, and is:

"In a hood for automobiles the combination of the top and two sides hinged or jointed thereto, the top having eaves covering and protecting the hinge joints substantially as described."

The forms employed by appellant are concededly shown in these figures:

A, though differing somewhat, is clearly within the claim, and for its making the hood of that pattern appellant concedes

$814 due appellee. But in our judgment the others fail to show in any degree the novel feature of the patent respecting the side hinges, viz. the overlapping eaves which, as stated in the application, "effectually and absolutely prevent the admission of water at the joints between the roof and sides of the hood." B, C, and D do not have the eaves or any substitute therefor. The construction is that of the ordinary hinge. It is within the hood, but this is not, and doubtless could not have been, covered by the patent. There is nothing in this construction designed to keep out the water to any greater extent than it was kept out in the generally used structures preceding the patent. The so-called roof of the hood does not project over the plane of the side, and there is no extension or attachment that serves the function of the eaves of the patent. In these circumstances the decree is erroneous, in so far as it included royalty on hoods with side hinges of the constructions shown other than A.

The decree is reversed, with direction to enter a decree in appellee's favor for the conceded sum of $814.